**ORIGINAL**

# In the United States Court of Federal Claims
No. 16-607C
(Filed: December 15, 2016)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
```
                                          *
ISTVAN RUZSA,                             *
                                          *
              Plaintiff,                  *
                                          *
       v.                                 *
                                          *
THE UNITED STATES,                        *
                                          *
              Defendant.                  *
                                          *
```
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**FILED**

**DEC 1 5 2016**

U.S. COURT OF
FEDERAL CLAIMS

---

### ORDER OF DISMISSAL

---

**WILLIAMS**, Judge.

This matter comes before the Court on Defendant's motion to dismiss. For the reasons stated below, Defendant's motion to dismiss is granted.

### Background[1]

Plaintiff pro se Istvan Ruzsa is a native of Hungary and resident of Florida. Compl. 1.[2] Plaintiff alleges that he has suffered a number of injuries due to negligence by his former employer, Stanley Steemer Company, and one of his former co-workers. Id. at 2. Plaintiff asserts that on three separate occasions in November of 2010, a co-worker caused him to suffer injuries to his back and head by pushing him down a set of stairs and hitting him in the head with carpet cleaning equipment. Id. Plaintiff also alleges that an attorney he hired to file a worker's compensation claim against his former employer did not adequately represent him, despite reaching a settlement. Id. at 6-7. Finally, Plaintiff alleges that his former employer did not provide him with benefits and overtime pay. Id. at 23. Plaintiff alleges that he has lost wages as he was unable to work since December of 2010, and seeks $10 million in damages. Id. at 2, 4.

---

[1]  This background is derived from Plaintiff's complaint.

[2]  Because Plaintiff has not numbered the pages of his complaint, the Court cites the page numbers generated by the Court's electronic filing system.

7011 0470 0002 5084 3730

### Discussion

Plaintiff has the burden of establishing subject-matter jurisdiction in this Court. See Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988). The Court must dismiss the action if it finds subject-matter jurisdiction to be lacking. Adair v. United States, 497 F.3d 1244, 1251 (Fed. Cir. 2007). The Court assumes all factual allegations as true, and will construe the complaint in a manner most favorable to the Plaintiff when ruling on a motion to dismiss pursuant to Rule 12(b)(1). Pennington Seed, Inc. v. Produce Exch. No. 299, 457 F.3d 1334, 1338 (Fed. Cir. 2006).

The filings of pro se litigants are held to "'less stringent standards than formal pleadings drafted by lawyers.'" Naskar v. United States, 82 Fed. Cl. 319, 320 (2008) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam)). However, pro se plaintiffs still bear the burden of establishing the Court's jurisdiction and must do so by a preponderance of the evidence. See Reynolds, 846 F.2d at 748; Tindle v. United States, 56 Fed. Cl. 337, 341 (2003). Despite this lenient pleading standard, this Court is under "no duty to create a claim where a pro se plaintiff's complaint is so vague or confusing that one cannot be determined." Fullard v. United States, 78 Fed. Cl. 294, 299 (2007) (internal citations omitted).

The Tucker Act, 28 U.S.C. § 1491(a)(1) (2012), provides that this Court

> shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

The Tucker Act is not money-mandating, but rather is a jurisdictional statute. United States v. Testan, 424 U.S. 392, 398 (1976). To establish jurisdiction, a plaintiff must seek money damages under a source of substantive law. "[T]he claimant must demonstrate that the source of substantive law he relies upon 'can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained.'" United States v. Mitchell, 463 U.S. 206, 216-17 (1983) (quoting Testan, 424 U.S. at 400); see Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1306 (Fed. Cir. 2008) ("[A] plaintiff must identify a separate source of substantive law that creates the right to money damages." (internal quotations omitted)).

Plaintiff names the following entities and individuals as Defendants in this matter: Stanley Steemer Company (d/b/a Gellner Enterprises, LLC), Michael J. MacDonald, Bridgefield Employers Insurance Company, the Florida Department of Financial Services, and Jeff Atwater, Chief Financial Officer for the State of Florida. Compl. 2. The only proper defendant in this Court is the United States. United States v. Sherwood, 312 U.S. 584, 588 (1941); Berdick v. United States, 612 F.2d 533, 536 (Ct. Cl. 1979). Because Plaintiff does not allege any conduct by the United States or by any government agency, this Court does not have jurisdiction over Plaintiff's claims.

Moreover, although the complaint is difficult to understand, Plaintiff appears to allege tort claims, including negligence and assault and battery. However, this Court does not possess

jurisdiction over claims sounding in tort. Rick's Mushroom Serv., Inc. v. United States, 521 F.3d 1338, 1343 (Fed. Cir. 2008). Plaintiff also appears to raise a claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), as well as allegations of money laundering and Medicare and Medicaid fraud. However, jurisdiction over RICO claims is vested exclusively in the district courts, and this Court does not possess jurisdiction over general criminal matters. Joshua v. United States, 17 F.3d 378, 379-80 (Fed. Cir. 1994) (stating that this Court does not have jurisdiction over criminal matters); Dumont v. United States, 85 Fed. Cl. 425, 430 (2009) (finding that this Court "does not exercise jurisdiction over criminal claims, including those arising under the RICO Act").

Finally, Plaintiff alleges that his former employer committed fraud by denying him benefits such as medical and dental insurance, charging him for uniforms, and failing to pay overtime. As Plaintiff's claims are against Stanley Steemer Company, a private company, this Court lacks jurisdiction to adjudicate these claims. See Sherwood, 312 U.S. at 588; Berdick, 612 F.2d at 536.

## Conclusion

Defendant's motion to dismiss is **GRANTED**. The Clerk is directed to dismiss this action.

MARY ELLEN COSTER WILLIAMS
Judge